IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOUGLAS V. BLEDSOE, #276440, *
 *
Plaintiff, *
 *
vs. * CIVIL ACTION NO:14-00028-KD-C
 *
BRENDA KING, et al., *
 *
Defendant. *

REPORT AND RECOMMENDATION

 Plaintiff, an Alabama prison inmate who is proceeding *pro se*, filed the instant action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

 In his complaint, Plaintiff avers that he is currently incarcerated at Draper Correctional Facility, which is located in Elmore, Alabama. Elmore, Alabama lies within Elmore County, which falls within the Middle District of Alabama. In his complaint, Plaintiff names as Defendants, Captain Brenda King, Lieutenant Larry Philyaw, Thomas McCorvey, Sargent Brandon Mack, Sargent Robert Parker, Sargent Kendrick Boyd, Sargent Jackie Pettway, Lieutenant Tarvorez Surels, and Sargent Xavier Lee and asserts that they work at the Draper Correctional Facility. According to Plaintiff, the Defendants used excessive force when he refused to allow pictures to be taken of his tattoos until such time as Captain King signed an agreement that limited the future uses of the photographs.

 A § 1983 action may be brought in --

  (1) a judicial district in which any

defendant resides, if all defendants are
residents of the State in which the district
is located;

(2) a judicial district in which a substantial
part of the events or omissions
giving rise to the claim occurred, or a
substantial part of property that is the
subject of the action is situated; or

(3) if there is no district in which an
action may otherwise be brought as provided
in this section, any judicial district in
which any defendant is subject to the
court's personal jurisdiction with respect
to such action.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570

(11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).

Under 28 U.S.C. § 1406(a), when a complaint is filed laying venue in the

wrong district, a district court may dismiss or, in the interests of justice, may

transfer that action to any district in which it could have been brought. In

applying § 1406(a), "the decision whether to transfer a case is left to the sound

discretion of the district court and is reviewable only for an abuse of that

discretion." *Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689

F.2d 982, 985 (11th Cir. 1982); *Minnette v. Time Warner*, 997 F.2d 1023, 1026

(2nd Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the

sound discretion of the district court."). "Generally, the interests of justice [favor]

transferring a case to the appropriate judicial district rather than dismissing it."

*Simpson v. Federal Bureau of Prisons*, 496 F. Supp.2d 187, 194 (D.D.C. 2007); *see also*

*Kapordelis v. Danzig*, 387 Fed. App'x 905 (11th Cir. 2010) (If a case is filed in the

wrong district, the court must dismiss the case, or, in the interests of justice,

transfer the case to any district in which it could have been brought); *Gadson v. Unnamed Defendant*, 2009 U.S. Dist. LEXIS 1176 (N.D. Ga. Jan. 9, 2009) (When venue is improper, the court may, in the interest of justice, transfer the case to a district court in which it could have been brought).

As noted, Plaintiff is claiming excessive use of force in connection with his incarceration in Elmore, Alabama, and has named nine defendants employed at Draper Correctional Facility in Elmore, Alabama. The Court takes judicial notice of the fact that the Draper facility is located in Elmore, Alabama, which, in turn, is located in Elmore County, Alabama. The Court further observes that Elmore County falls within the Middle District of Alabama.

Accordingly, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Middle District of Alabama. Rather than recommending dismissal, the undersigned finds that, in the interests of justice, this action should be transferred to the United States District Court for the Middle District of Alabama. It is so recommended.[1]

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

---

[1] Magistrate Judge Bivins has made the same recommendation in another action filed by Mr. Bledsoe that is pending in this Court.  *Bledsoe v. King*, 14-0012-WS-B, Doc. 3.

Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of February, 2014.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE